IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERNON JEFFREY NOLAN,[1] | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-1053-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No.1) by Petitioner Vernon Jeffrey Nolan ("Nolan"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas, the Response of Warden Eric D. Wilson (ECF No. 6) and Appendix (ECF No. 7), and Nolan's Reply (ECF No. 8). After considering the § 2241 petition and the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that the § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND

Nolan was convicted in the United States District Court for the Western District of Oklahoma, in Cause Number 5:08-cr-00064-HE-1, of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and sentenced to 180 months imprisonment. Am.

---

[1]Petitioner filed the petition under 28 U.S.C. § 2241 with the name "Jeffrey Vernon Nolan," in the style of the action. Pet. 1, ECF No.1. Petitioner Nolan, however, signed the document as "Vernon Nolan," and a review of all records of his conviction and prior court challenges reveal that Petitioner is "Vernon Jeffrey Nolan." See www.bop.gov inmate ID number 17103-064 for Vernon Jeffrey Nolan, last checked May 31, 2018. The Clerk of Court is directed to update the Petitioner's name on the docket as Vernon Jeffrey Nolan.

J., No. 5:08-cr-064-HE (1), ECF No.81;[2] App. ECF No. 7-1.  Nolan filed a direct appeal from his conviction and sentence, but the Tenth Circuit affirmed the conviction and sentence on August 17, 2009. *United States v. Nolan*, 342 F. App'x 368 (10th Cir. 2009). Nolan then filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), but the district court denied that motion by order dated September 25, 2009. *United States v. Nolan*, No.5:08-cv-064-HE, ECF Nos. 83, 87. Nolan filed a notice of appeal from that ruling, but the Tenth Circuit affirmed the district court's order denying the motion to reduce sentence. *United States v. Nolan*, 359 F. App'x 941 (10th Cir. 2010). Nolan also filed a motion for relief under 28 U.S.C. § 2255, but the district court summarily denied the § 2255 motion and denied Nolan a certificate of appealability.  *United States v. Nolan*, No.5:08-cr-064-HE, ECF Nos. 108 and 110-11; *Nolan v. United States*, No. 5:10-cv-1326-HE, ECF Nos. 1–3. Nolan's appeal to the Tenth Circuit from the denial of his initial § 2255 motion was dismissed on March 30, 2011. *United States v. Nolan*, 417 F. App'x 826 (10th Cir. 2011).

Nolan then filed on June 17, 2016, without seeking authorization, a successive motion under 28 U.S.C. § 2255 in the district court. *United States v. Nolan*, No. 5:08-cr-064-HE, ECF No. 124; *Nolan v. United States*, No. 5:16-cv-674-HE, ECF No. 1.  While that successive § 2255 motion was pending, Nolan sought authorization from the Tenth Circuit to pursue relief under § 2255. *United States v. Nolan*, No. 5:08-cr-064-HE, ECF No. 138. The Tenth Circuit denied Nolan's motion/request for authorization to file a successive § 2255 motion in an order issued on November 2, 2016. *In re: Vernon Jeffrey Nolan*, No.16-6300 (10th Cir. Nov. 2, 2016). In accordance with the order of the court of appeals, the district court then, on November 16, 2016, issued an order

---

[2]The Court takes judicial notice of the records of the court in *United States v. Nolan*, No.5:08-cr-064-HE. *See* FED. R. EVID. 201(b)(2) and (c)(1).

dismissing the successive § 2255 motion Nolan had filed prior to seeking authorization. *United States v. Nolan*, No. 5:08-cr-064-HE, ECF No. 140; *Nolan v. United States*, No.5:16-cv-674-HE, ECF No. 2. Soon after Nolan's convicting court dismissed the unauthorized § 2255 motion, he filed the instant petition under 28 U.S.C. § 2241 in this Court. Pet., ECF No. 1.

## II.  ANALYSIS

In this petition under § 2241, Nolan asserts that the sentencing court incorrectly imposed a sentence enhancement under the Armed Career Criminal Act ("ACCA"). Pet. 1-2, ECF No.1. While § 2255 relief must be sought in the jurisdiction that sentenced the defendant, § 2241 relief must be sought in the jurisdiction where the defendant is incarcerated. Under the ACCA, a defendant who violates § 922(g)(1), and who has three prior convictions for a "violent felony" or a "serious drug offense," must be sentenced to a minimum of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). Before the guilty plea, the Government filed in the sentencing court a notice to establish prior convictions under 21 U.S.C. § 851, that included information that Nolan was, prior to his guilty plea, convicted four times for possession with intent to distribute marijuana under Okla. Stat. Tit. 63, § 2-401. Am. Info. Establish Prior Convict., No.5:08-cr-064-HE, ECF No. 25.  The court thus determined that Nolan qualified as an armed career criminal and imposed the statutory minimum sentence of fifteen years. *United States v. Nolan*, 342 F. App'x at 370. In this § 2241 proceeding, Nolan contends that he is "actually innocent of enhancement of the use of his state prior controlled substance offense[s]." Pet. 1, ECF No. 1.

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to

challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause", the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Nolan fails to show that the § 2255 remedy is either inadequate or ineffective to the test the legality of his detention. Nolan cannot rely on § 2241 merely because he already sought relief under § 2255, and was denied permission to file a successive § 2255 motion from the Tenth Circuit, such that he is now limited in seeking further relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Nolan has not made these showings, and a review of the grounds asserted in his

4

§ 2241 petition shows that he cannot make them. Nolan does not attempt to demonstrate that he was convicted of a nonexistent offense. His petition in this case is limited to challenging the sentence that he received—specifically the sentencing enhancement. Pet. 1-10, ECF No. 1. Second, Nolan does not seek to establish that he is actually innocent of the charge filed against him. *Id.* Because Nolan challenges only his sentence, and not his conviction, his claims do not fall within the savings clause of § 2255(e). *Houston v. Upton*, 460 F. App'x 419, 420 (5th Cir. 2012) (holding that "a claim of actual innocence of a sentencing enhancement does not satisfy the savings clause"); *see generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). Recently, in *Logan v. Warden Fed. Correctional Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Nolan does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 81 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014); *see also Oxner v. Roy*, 616 F. App'x 190, 191 (5th Cir. 2015) (affirming denial of § 2241 petition claiming the sentencing court erroneously determined prior conviction was violent felony pursuant to the ACCA).

The Court notes that Nolan recites claims for relief based upon three Supreme Court decisions: *Descamps v. United States*, 570 U.S. 254 (2013), *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and a decision of the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Pet. 1, 2–3, 6, 10, ECF No. 1. Although Nolan refers to the three recent Supreme Court decisions, he has not argued that any of the decisions have been made retroactively applicable, and/or that any of the decisions establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. *See Christopher*, 342 F.3d at 382. Relevant case law recognizes that the

5

*Descamps, Mathis,* and *Molina-Martinez* decisions do not provide a basis for invoking the savings clause. *See e.g., Jackson v. Daniels*, 637 F. App'x 173, 174 (5th Cir. 2016) (affirming district court's rejection of invocation of a savings-clause claim based upon *Descamps* because it had no "effect on whether Jackson was convicted of nonexistent federal drug offenses"); *Oxner*, 616 F. App'x at 191 (5th Cir. 2015) ("As *Descamps* addresses sentencing issues and has no effect on whether the facts of Oxner's case would support his convictions for the substantive offenses, it is not a retroactively applicable Supreme Court decision indicating that he was convicted of a nonexistent offense") (citations omitted); *Getachew v. Harmon,* No. 3:17-cv-224-D, 2017 WL 2348834, at * 3–4 n. 1 (N.D. Tex. March 27, 2017) (rejecting *Mathis* based claims under the § 2241 savings clause), *rep. and rec. adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017)(Fitzwater, J.); *Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.") Furthermore, *Hinkle v. United States* is of course not a Supreme Court decision, and the Fifth Circuit's application of *Mathis* in that case arose on direct appeal, not collateral review. *See Hinkle*, 832 F.3d at 574-77. Thus, *Hinkle* provides no basis for relief under the savings clause. *See Nelson v. Pollock*, 2017 WL 3881500, at *2 (W.D. La. July 11, 2017) (rejecting petitioner's claims that he was entitled to seek relief under § 2241 against his career offender sentence under *Mathis* and *Hinkle* based upon the savings clause), *rep. and rec. adopted*, 2017 WL 38811163 (Sep. 1, 2017).

As Nolan challenges only the enhancement to his sentence, and as he has not asserted claims based only on a retroactively applicable Supreme Court decision that establishes that he is actually innocent of the charge against him, he is not entitled to relief under § 2241. Nolan's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (noting that where

6

a petitioner could not satisfy the § 2255 savings clause, the district court's order denying petition was vacated, and the case remanded with instructions to dismiss for lack of jurisdiction).

## III. ORDER

Accordingly, it is **ORDERED** that Petitioner Vernon Jeffrey Nolan's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction**.**

**SO ORDERED** on this **31st day** of **May, 2018**.

*[signature: Reed O'Connor]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**